IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Yeny Gresly Garcia Solis, on behalf of her two minor children, JGGS and KSMG, and as a Friend of the Court<br><br>Petitioner,<br><br>v.<br><br>Matthew G. Whitaker, Acting Attorney General of the United States, *et al.*,<br><br>Respondents. | Civil Action No. 2:18-cv-3213-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Yeny Gresly Garcia Solis' ("Garcia Solis") motions for a temporary restraining order ("TRO") (Dkt. No. 6), Motion for an Emergency Stay of Removal (Dkt. No. 5) and Motion to Compel United States Immigration and Customs Enforcement ("ICE") to Grant Garcia Solis' Stay of Removal (Dkt. No. 4). For the reasons set forth below, the Court denies Petitioner's motions and dismisses the Complaint for lack of subject-matter jurisdiction.

**I.     Facts**

Garcia Solis is a Guatemalan national who fled Guatemala in 2015 with her daughter, JGGS. (Dkt. No. 6-1 at 4.) After entering the United States on or about July 7, 2015, they were placed into removal proceedings in the Charlotte Immigration Court. (*Id.*) On August 26, 2016 Garcia Solis was awarded sole custody of JGGS, and in August 29, 2016, JGGS filed a Form I-360 to pursue Special Immigrant Juvenile Status ("SIJS"). (*Id.*) Garcia Solis and JGGS' immigration cases were bifurcated to allow JGGS to pursue SIJS. (*Id.*) Garcia Solis received an Order of Removal from an immigration judge on June 20, 2016. (*Id.*; Dkt. No. 10-1.) Neither party asserts or presents any evidence that Garcia Solis appealed this decision to the Board of

Immigration Appeals ("BIA"). On January 19, 2017, JGGS had her I-360 approved, and she is currently waiting to file a Form I-485, which should allow her to receive a Permanent Resident Card. (Dkt. No. 6-1 at 4 – 5.) Later in the year, on June 4, 2017, Garcia Solis gave birth to her daughter, KSMG, a United States citizen. (*Id.* at 4.)

Garcia Solis was asked to report to ICE's Enforcement and Removal Operations office in Charleston on August 5, 2016. (*Id.* at 5.) On that date, she filled out a Stay of Removal application, which was ultimately approved through September 20, 2017. (*Id.*) Garcia Solis filled out another Stay of Removal application in 2017, which was approved through October 15, 2018. (*Id.*) On October 18, 2018, Garcia Solis filled out a third Stay of Removal application, which was denied on November 8, 2018. (*Id.*) Garcia Solis is currently set to report to ICE on December 12, 2018, with travel plans to depart the United States no later than December 31, 2018. (*Id.*)

Garcia Solis filed her complaint in this Court on November 11, 2018. (Dkt. No. 1) On the same day, she filed motions for a TRO, an emergency stay of removal, and to compel ICE to grant her a stay of removal. (Dkt. Nos. 4, 5, 6.) Defendants filed their response on December 4, 2018. (Dkt. No. 10.) Defendants opposed all of Garcia Solis' motions, and further asked the Court to dismiss the Complaint for lack of subject matter jurisdiction. (Dkt. No. 10 at 9.)

## II. Legal Standard

Under the widely applied test for a preliminary injunction, a petitioner must establish:

> [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts apply the same factors when deciding whether to issue a stay of removal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). For a stay of removal, "the first two factors of the traditional standard are the most critical." *Id.* For the first factor, the petitioner's chance of success on the merits must be "better than negligible."

2

*Id.* Furthermore, petitioner must show that it is more than a mere "possibility" that she will be harmed by removal. *Id.*

### III. Discussion

Garcia Solis' motion for a TRO argues that her removal should be stayed because it would 1) violate her children's rights under the Equal Protection clause, 2) violate her daughter JGGS' due process rights by impacting her ability to receive a Permanent Resident Card, 3) would violate the constitutional right to family integrity, 4) would constitute cruel and unusual punishment to her children, and 5) that Garcia Solis' deportation is discriminatory. The claims are all brought on behalf of her children, though they are seeking review of Garcia Solis' removal. Regardless, the Court does not possess jurisdiction to issue a TRO, to stay her removal, or to compel ICE to stay her removal.

Federal district courts do not have subject matter jurisdiction over requests to stay orders of removal. 8 U.S.C. § 1252(a)(5) requires that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal...." The Fourth Circuit has clearly affirmed that 8 U.S.C. § 1252 precludes a district court from granting a stay of removal. *Mapoy v. Carroll*, 185 F.3d 224, 230 (4th Cir. 1999) ("Section 1525 provides that an alien who wishes to challenge a final order of removal must file a petition for review of such an order in the court of appeals."). *See also Monteiro v. Attorney Gen. of U.S.*, 261 F. App'x 368, 369 (3d Cir. 2008) ("[petitioner's] stay motion, to the extent it could be construed as a petition for review...and thus the District Court did not have jurisdiction over the petition....").

Garcia Solis seeks to avoid the strictures of 8 U.S.C. § 1252 by arguing that while the statute prohibits courts from reviewing removal orders, it does not prohibit the Court from issuing

3

a temporary stay of removal. (Dkt. No. 4 at ¶ 6.) However, district courts in the Fourth Circuit confronted with similar requests for a temporary stay of removal have also held that they lack jurisdiction under 8 U.S.C. § 1252. In *Hatami v. Ridge*, 270 F. Supp. 2d 763, 764 (E.D. Va. 2003), a plaintiff facing imminent removal from the United States sought a temporary stay of the removal order while he pursued his state habeas corpus petition. The court held that § 1252 barred the court from granting the stay, finding that a request for a stay of a removal falls "squarely within the terms of this section." *Id. See also Paz Yanes v. Nielsen*, No. 2:18-CV-00845-DCN, 2018 WL 1640515, at *3 (D.S.C. Apr. 5, 2018) (holding that under 8 U.S.C. § 1252, "this court clearly does not possess the jurisdiction to issue any order regarding a stay of [petitioner's] removal."); *Janvier v. I.N.S.*, 174 F. Supp. 2d 430, 433 (E.D. Va. 2001) (holding that "there is no federal jurisdiction to review Board of Immigration Appeals decisions" about the execution of removal orders or to issue an "injunction barring a deportation").

Garcia Solis' motion to compel ICE to issue a stay of removal similarly has no merit. In addition to it effectively being duplicative of the motions for a TRO and for a stay of removal, the Court has no jurisdiction. Garcia Solis claims jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a). However, the Court cannot exert ancillary jurisdiction under the All Writs Act where it has no jurisdiction to hear the underlying dispute.

Therefore, after receiving an order of removal, the appropriate recourse is to appeal that decision to the BIA. If they are unsuccessful before the BIA, a person can appeal to the circuit court of appeals, but may not appeal directly to a federal district court. Furthermore, as held repeatedly, an individual may not seek to avoid these provisions by fashioning their motion as a TRO or a stay of removal instead of an appeal to the BIA or circuit court. Therefore, this court

clearly does not possess the jurisdiction to issue any order to compel ICE to grant a stay of removal, to grant a stay of her removal, or to grant a TRO.

Finally, as the Court finds it lacks subject matter jurisdiction, the matter is dismissed. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240 (2006) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") *citing* Fed. R. Civ. P. 12(h)(3).

### IV. Conclusion

For the reasons above, the Court **DENIES** Garcia Solis' motion to compel ICE to stay Garcia Solis' removal (Dkt. No. 4), motion for an emergency stay of removal (Dkt. No. 5), and motion for a TRO (Dkt. No. 6), and **DISMISSES** the Complaint for lack of subject-matter jurisdiction.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

December 5, 2018
Charleston, South Carolina